Saul S. Stbeit, J.
This is a motion to dismiss two causes of action in libel.
The first cause is based on a statement, in an affidavit by defendant, that plaintiff was an ex-convict, accompanied by a photograph of plaintiff with numbers across his shoulder. Although there is no allegation in the present pleading that the affidavit was filed in a judicial proceeding, the brief submitted by plaintiff indicates that it was. Furthermore, the original complaint so alleged, and the language quoted from the affidavit tends to confirm this, for it purports to answer ‘ ‘ two of the three supporting affidavits submitted by ” affiant’s “ wife ”. A paper submitted by plaintiff’s attorney, in opposition to the motion, indicates that the affidavit was filed by defendant “ in the case of Myers v. Myers, Supreme Court, New York County For the purposes of this motion, the court will, therefore, treat the defamatory statement as having been made in the course of a judicial proceeding.
If defamatory language is used in the course of a judicial proceeding, the person publishing it enjoys an absolute privilege, provided that the words “ may possibly be pertinent ” (People ex rel. Bensky v. Warden, 258 N. Y. 55, 59). “ It is only when the language used goes beyond the bounds of reason and is so clearly impertinent and needlessly defamatory as not to admit of discussion that the privilege is lost ” (People ex rel. Bensky v. Warden, supra, p. 59; italics supplied). It is clear from the very language complained of that its purpose was to impeach the credibility of plaintiff, whose affidavit had been submitted by defendant’s wife, by charging him with conviction of a crime. It was, therefore, not impertinent, and, a fortiori, not so clearly impertinent “ as not to admit of discussion”. Doubts as to pertinency are to be resolved in favor of the defendant (Seel *171 man on New York Law of Libel and Slander, § 199 and eases there cited).
Since the defect appears on the face of the cause of action, it may be dismissed as insufficient (Chapman v. Dick, 197 App. Div. 551, 554; Fulton v. Ingalls, 165 App. Div. 323; Tierney v. Ruppert, 150 App. Div. 863; Corwin v. Berkwitz, 190 App. Div. 952).
The second cause of action is likewise insufficient, for the same reason. It is based on the photographs submitted with defendant’s affidavit, which depicted plaintiff as a convict, or were reasonably susceptible of that interpretation. The cause of action is insufficient for the further reason that the photographs are not made part of the cause of action. It is elementary that, in an action of libel or slander, the defamatory words must be alleged in hcec verba. If the defamation is accomplished by photographs, they should be made part of the cause of action. The motion to dismiss is granted.