Jacob Markowitz, J.
Plaintiff moves pursuant to rule 112 of the Buies of Civil Practice for judgment on the pleadings, upon the ground that the defense is insufficient in law, and for an order pursuant to rule 109 dismissing the setoff pleaded in favor of the defendants Tanges and, in the alternative, for relief pursuant to subdivision 1 of rule 102 and rule 103. By separate motion the defendants move for summary judgment dismissing the amended complaint.
Plaintiff and the defendant Le Boyer are attorneys. The latter acted as attorney for the codefendants, who had obtained a judgment against the plaintiff. The prior action involved in this suit was brought by the codefendants, represented by Le Boyer as their attorney, and by it they sought to reach an asset of the plaintiff, charging him and his codefendants, his wife and mother-in-law, with fraud and conspiracy with respect to the transfer of his interest in a parcel of real property. In that action motions were made by this plaintiff on behalf of himself and his codefendants seeking cancellation of the Us pendens, challenging the jurisdiction of the court and the legal capacity of the plaintiffs there to bring the action. The defendant Le Boyer submitted affidavits in opposition to those motions, and in the course thereof made certain statements on which this complaint in libel is based, plaintiff alleging that the statements were not pertinent to the issues under consideration. It is unnecessary to repeat those statements here. Two defenses are pleaded, one of absolute privilege in judicial proceedings, and one in justification in that the matters of which complaint is made are true. The complaint has been sustained. The issue of impertinence has not heretofore been tendered for determination in this or any other action or proceeding, and it has not been determined save that in sustaining the complaint it was stated that pertinence does not appear on the face thereof.
*859 On plaintiff’s motion the matters set out in the answer and exhibits must be deemed to be true. Unless the defense of truth is stricken as insufficient it must survive as an issue to be tried, and therefore judgment on the pleadings cannot be awarded to the plaintiff even if the defense of privilege is not made out. On the other hand, if privilege has not been lost by reason of impertinence, truth or falsity is of no moment. Consequently, the final determinative issue on plaintiff’s motion is whether the defense of truth is well pleaded, and on defendants’ motion it is whether privilege is well pleaded and proved.
As to privilege, plaintiff takes the position that on the motions directed to the complaint in the prior action, the merit thereof was not involved, and therefore the statements were impertinent to any issue raised. Defendants urge that since plaintiff was charged with planned fraud, to his financial advantage and preservation, and with backdating of deeds, and since in the affidavits used by him plaintiff had impugned the defendant, the latter had the right to defend himself and to present such matters concerning the background of the judgment, proceedings taken thereafter, the facts and circumstances of the transfer and the background of plaintiff’s activities, so as to enable the court to assess plaintiff’s credibility in relation to his statements and the issues. Therefore, the matters were pertinent and privileged.
The fact that a statement is impertinent under the rules of pleading, does not lose for it the defense of absolute privilege. In Marson v. Barrow (8 A D 2d 307, 309) the court stated: ‘ ‘ Here, the language complained of is not so clearly impertinent that the privilege is lost. (Youmans v. Smith, 153 N. Y. 214; People ex rel. Bensky v. Warden, 258 N. Y. 55.) The privilege has been sustained even where the libelous matter was stricken as impertinent in the original action. (Chapman v. Dick, 197 App. Div. 551, 554; Lesser v. International Trust Co., 175 App. Div. 12, 17.) ” The allegations and proofs, set out in such abundance, relating to the course of conduct of the plaintiff and of his codefendants in relation to the property, the judgment and supplementary proceedings, plaintiff’s bankruptcy and other matters relating to his affairs and conduct, were and are not without pertinence to matters which had been asserted by the plaintiff in those affidavits submitted by him, and particularly to his credibility.
In Piccini v. Myers (9 Misc 2d 169) the court stated: “It is clear from the very language complained of that its purpose was to impeach the credibility of plaintiff, whose affidavit had been submitted by defendant’s wife, by charging him with conviction of a crime. It was, therefore, not impertinent, and, *860 a fortiori, not so clearly impertinent ‘ as not to admit of discussion \ Doubts as to pertinency are to be resolved in favor of the defendant ”. Anything which may be possibly pertinent is covered (Lefler v. Clark, 247 App. Div. 402; People ex rel. Bensky v. Warden, 258 N. Y. 55, supra; Feldman v. Bernham, 6 A D 2d 498), and, certainly, it cannot be said that plaintiff’s credibility was not possibly pertinent.
In all the circumstances, therefore, it is demonstrated by the papers and matters embraced in the defense of privilege and the additional matters submitted on defendants’ motion for summary judgment that the defense of absolute privilege has been established and becomes the decisive issue in the litigation. The setoff is pleaded conditionally upon recovery by the plaintiff and therefore it needs no consideration since with dismissal of the complaint the setoff is no longer a basis for relief. Final judgment dismissing the complaint is in order, and the motions are disposed of accordingly.