William T. Cowin, J.
The action for slander which is brought by Ernest Klein (hereinafter called Klein) as plaintiff against Walston & Co. Inc. (hereinafter called Walston) and V. C. Walston as defendants arises out of alleged defamatory remarks made by counsel for Walston in an opening statement before Mr. Justice G-eller in two actions tried jointly before the said Justice without a jury. A perusal of those complaints discloses that Walston was the sole plaintiff and Klein was a party defendant.
The defendants’ answer includes a separate defense to the effect that the alleged defamatory words were spoken in a judicial proceeding and hence absolutely privileged.
Defendants move for an order (1) granting .summary judgment in their favor on the first alleged cause of action contained in the plaintiff’s complaint (CPLK 3212); (2) dismissing respectively the first and second alleged causes of action in said pleading on the ground that each fails to state a cause of action (CPLK 3211, subd. [a], par. 7); and (3) denying or limiting a proposed examination of defendants before trial (CPLK 3103).
The supporting affidavits and exhibits submitted on this motion disclose that the actions before the said Justice brought by Walston for breach of contract were based upon Klein’s alleged failure to pay for securities purchased through Walston. Klein in each of his answers to the respective complaints set forth an affirmative defense alleging that Walston had agreed to grant Klein such extension of time to pay for his stock purchases as might be necessary for him to obtain financing. The answers also included a counterclaim which charges Walston with having furnished false information to a bank which was financing Klein’s purchases, thereby causing the bank to withdraw its credit to Klein for the stock. Walston’s reply to said counterclaim consisted of a general denial. The bill of particulars served by Klein in connection with his counterclaim asserted in substance that the false information furnished to the bank by Walston consisted of a statement that Klein “ swindled ” Walston. The opening statement of counsel is also attached to the moving papers. It may be noted that Walston recovered a judgment in said action against Klein and the counterclaim was dismissed.
The motion for summary judgment on the first cause of action in slander is based on the theory that the remarks made by counsel in the opening statement were made in the course of a judicial proceeding and hence were absolutely privileged.
*381 The determinative question is whether the remarks charged to Walston’s counsel in his opening statement to the court were possibly pertinent to the proceedings; for if they were, an absolute privilege attached (Andrews v. Gardiner, 224 N. Y. 440, 445; People ex rel. Bensky v. Warden of City Prison, 258 N. Y. 55, 59 ; Feldman v. Bernham, 6 A D 2d 498; Kamen v. Pepsi-Cola Co., 228 N. Y. S. 2d 637 and cases cited p. 639). “ It is only when the language used goes beyond the bounds of reason and is so clearly impertinent and needlessly defamatory as not to admit of discussion that the privilege is lost.” (Emphasis supplied.) (People ex rel. Bensky v. Warden, supra, p. 59.)
The courts have taken the position that the privilege is deemed to extend even to defamatory matter which, although not relevant or material "to any issue before the court, has some reference to the .subject of the inquiry (Rosenberg v. Hecht, 118 N. Y. S. 2d 636, 638; Kamen v. Pepsi-Cola Co., supra).
Weighing the alleged defamatory remarks charged to the Walstons, within the context of the pleadings and bill of particulars and of the opening statement of Walston’s counsel to the court, I am of the opinion that even though some or all of the offending remarks be deemed to be defamatory per se, it cannot be said that they were palpably not pertinent. The affirmative defenses and counterclaims asserted in Klein’s answers to the complaints in those actions, the allegations of which were denied by Walston, injected a question as to the good faith and credibility of the parties.
The comments made in the opening statement of Walston’s counsel to the court may reasonably be viewed as part of an effort to cast doubt upon the verity of Klein’s defenses and counterclaims. Matter reflecting on credibility is to be considered as being at least possibly pertinent (Schonbrun v. Le Boyer, 27 Misc 2d 858, 860). If the court has any doubt as to the possible relevancy or pertinency of the remarks, the doubt should be resolved in favor of upholding the privilege attached to such remarks (Warner v. Paine, 2 Sandf. 195; Feinstein v. Kaye, 57 N. Y. S. 2d 54; Piccini v. Meyers, 9 Misc 2d 169).
Even if it be assumed that Walston’s trial counsel overstepped the bounds of propriety in his characterization of Klein, and should have been more restrained in his opening statement, the remarks did not lose their privileged character, if pertinent. In determining what is pertinent, wide latitude is allowed to the judgment and discretion of counsel; allowance is made for ardent and excited feelings generated by the controversy (see Kraushaar v. Lavin, 39 N. Y. S. 2d 880, 883).
*382 Lacking in merit is Klein’s claim that the slanderous attack in the opening statement was not privileged because it was premature and improperly anticipatory of any prospective testimony that might have been proffered in support of his defenses and counterclaims. The rule relating to absolute privilege is sufficiently broad to extend to all matters which may by any possibility, under any circumstances and at any stage of the proceeding be or become material or pertinent (Chapman v. Lick, 197 App. Div. 551). Hence, even if it be assumed that the defamatory attack upon Klein was prematurely made, it does not follow that the offending matter was not privileged; since it might well have become pertinent at some later stage of the proceedings.
Equally without merit is Klein’s contention that the Trial Justice’s request to Walston’s counsel to refrain from applying a certain appellation to Klein constituted a ruling that the appellation was not pertinent. I do not regard such request, as disclosed in the record, to have been an adjudication as to the pertinency of the remark. Even accepting arguendo Klein’s contention that the judicial comment as to the propriety of the expression used by Walston’s counsel constituted a ruling that the offending characterization was irrelevant to the issues, such ruling would not constitute a binding determination as to the pertinency of the remarks so as to destroy the privilege (see Lesser v. International Trust Co., 175 App. Div. 12, 17; Marson v. Darrow, 8 A D 2d 307, 309; see, also, Restatement, Torts, vol. 3, § 586, Comment c).
While Klein’s first cause of action is not, in my opinion, insufficient on its face, I conclude that the defendants have established upon the record herein their defense of absolute privilege with respect to said cause of action. Accordingly, so much of the motion as seeks dismissal of the first cause of action for insufficiency is denied but the motion for summary judgment dismissing said first cause of action is granted.
The second purported cause of action set forth in Klein’s complaint in the case at bar is one for conspiracy. It incorporates by reference the allegations of the first cause of action and then alleges without specification that the Walstons “ since 1959 have conspired * * * to circulate libelous and scandalous statements concerning the plaintiff”.
The allegations of the “ second cause of action ” fail to show factually the employment or commission of wrongful means or tortious acts in furtherance of the alleged conspiracy to defame the plaintiff Klein. The remarks attributed to Walston’s counsel in Klein’s first cause of action which, as stated above, are incor *383 porated by reference in the second cause of action, are not tortious for the reasons hereinabove given; and no other defamatory remarks are factually alleged in the second cause of action. Since the rule is that in order to state a cause of action for conspiracy, the alleged conspiracy must relate to the commission of a tortious act, or a legal one by wrongful means (Cuker Inds. v. Crow Constr. Co., 6 A D 2d 415, 417), it is clear that the “ second cause of action” contained in Klein’s complaint fails to state a cause of action for conspiracy (see, also, Wood v. Amory, 105 N. Y. 278; Rothmann v. Rager, 202 N. Y. S. 2d 79; Klein v. Walston & Co., N. Y. L. J., April 11, 1963, p. 12, col. 7 [Olliefe, J.]). Accordingly, the motion to dismiss the second cause of action for insufficiency is granted.