John Pace et al., Respondents, v Nancy D. Rebore et al., Appellants. (Action No. 1.)

John Pace et al., Respondents, v Bartholomew Rebore, Appellant. (Action No. 2.)

Second Department, February 11, 1985

### APPEARANCES OF COUNSEL

*Robert C. Mitchell* for appellants in action No. 1, and *Bartholomew J. Rebore,* appellant *pro se,* in action No. 2. (One brief filed.)

*Siben & Siben (Frederick Fagelson* of counsel), for respondents.

### OPINION OF THE COURT

Per Curiam.

On this appeal we are called upon to determine whether certain allegedly defamatory statements constitute libel per se. Additionally, the appeal raises questions concerning the qualified privilege for expression of opinions based on stated facts, as well as the definition of the term "public figure". The plaintiffs in these two related defamation actions are three brothers who are members of a politically prominent family in the Town of Islip. The defendants in action No. 1 are three candidates who sought election to the West Islip School Board in the 1980 elections and one incumbent who supported their candidacy. The defendant in action No. 2 is an attorney and the husband of one of the defendants in action No. 1.

The complaints in both suits are virtually identical and are premised upon the publication of certain campaign literature, entitled "The Sting, Part I" and "The Sting, Part II". The first piece of literature accused the West Islip School Board of catering to plaintiffs' "political clout" by enacting and "backdat[ing]" a resolution which effectively created a tax exemption applicable only to a certain building constructed and owned by the plaintiffs, and implied that plaintiffs could obtain zoning changes for their property whenever they wished. The second piece of literature accused the school board of subsequently providing an additional tax exemption for a client of plaintiffs at plaintiffs' behest, and suggested that this would become a common occurrence, resulting in inequities in the tax structure and the destruction of the neighborhood, unless the incumbent school board was defeated.

Defendants moved to dismiss the complaints on the ground that plaintiffs' failure to allege special damages was a bar to the

32

actions because the campaign literature was not libelous per se and was in fact not defamatory. Alternatively, defendants sought summary judgment on the ground of qualified privilege. Additionally, it was requested that the motions be referred to a judge from outside Suffolk County because of plaintiffs' alleged political influence within that county. Special Term denied the motions in all respects, and defendants now appeal.

■ Finding no merit in the defendants' contention that the motions should have been referred to a judge outside Suffolk County, we turn directly to the substantive issues. It has often been held that accusations of the use of political influence to gain some benefit from the government are not defamatory and do not constitute libel per se (see, McCart v Morris, 58 AD2d 700; Miller v Radin, 32 AD2d 1046; Foot v Pitt, 83 App Div 76; see also, Kahn v Shaw, 15 AD2d 821). Plaintiffs urge that the instant case is distinguishable, however, on the ground that by using the words "sting" and "backdate", defendants have implied that plaintiffs are con artists and swindlers who engaged in a criminal conspiracy to obtain an illegal exemption. We find this interpretation of the language of the campaign literature, taken in context and viewed fairly (see, James v Gannett Co., 40 NY2d 415, 419-420), is untenable and that the language of the literature at issue is not reasonably susceptible of such a defamatory meaning.

Additionally, and for similar reasons, the material is constitutionally privileged as an expression of opinion reasonably drawn from facts stated in the campaign literature, which are substantially true (see, Gertz v Robert Welch, Inc., 418 US 323, 329-340; Silsdorf v Levine, 59 NY2d 8, 14-16). Plaintiffs do not contest the accuracy of defendants' description of the underlying facts, except to allege that they did not use "political clout" in dealing with the school board. We find that the characterization of plaintiffs' actions as involving the use of "political clout" was an expression of opinion, rather than a statement of fact, and is privileged in light of the statements of fact given in support. Moreover, since, as is discussed above, the literature did not accuse plaintiffs of a crime, the exception to the normal rule recognized in Rinaldi v Holt, Rinehart & Winston (42 NY2d 369, 381-382) and Silsdorf v Levine (supra, p 16) is inapplicable.

■ We also find that defendants are entitled to summary judgment on the ground of the qualified privilege initially recognized in New York Times Co. v Sullivan (376 US 254). Plaintiff Anthony Pace has for a considerable period been Chairman of the Islip Republican Committee. Plaintiff John Pace is a

prominent local attorney, who has been involved in numerous matters of public interest and controversy prior to this action, and who vigorously lobbied for passage of the tax exemptions discussed in the campaign literature. Plaintiff Frank Pace is a prominent local businessman, who has also previously been involved in matters of public controversy, and was one of the owners of the property to which the retroactive tax exemption was applicable. All three have been the subject of continuing public interest for many years, as evidenced by numerous newspaper articles describing their activities that were dated prior to the 1980 campaign for the school board. The question of the tax exemptions, moreover, is clearly a matter of public interest rather than a private matter (*cf. Time, Inc. v Firestone,* 424 US 448). Hence, it is abundantly clear that all plaintiffs are public figures, at least for purposes of this action (*see, Gertz v Robert Welch, Inc., supra,* pp 345, 351-352), who must accordingly prove actual malice in order to recover damages for libel (*see, e.g., James v Gannett Co., supra*).

In opposition to defendants' motions for summary judgment, plaintiffs were required to come forward with sufficient proof of malice, in evidentiary form, to raise a triable issue of fact, or with an adequate explanation for their failure to do so (*Zuckerman v City of New York,* 49 NY2d 557). This plaintiffs have failed to do, instead alleging only unsupported suspicion and surmise. While it is true that the facts underlying the question of actual malice are normally within the exclusive knowledge of the defendant, here defendants' motions were supported by an affirmation of defendant in action No. 2 who described the extensive steps taken to verify the accuracy of the statements in the campaign literature, and by the verified answer of one of the defendants in action No. 1 who admitted that she was solely responsible for the preparation and distribution of the literature and who denied that she had acted with malice and asserted that she reasonably believed her statements therein to be true. In light of this, we do not consider plaintiffs' lack of an opportunity to depose the defendants sufficient cause to mandate denial of summary judgment (*see, Trails West v Wolff,* 32 NY2d 207, 221-222).

Accordingly, the order appealed from should be modified, on the law, by deleting the provisions thereof denying defendants' motions for dismissal of the complaints and for summary judgment, and defendants' motions, to the extent that they sought summary judgment dismissing the complaints should be granted. As so modified, the order appealed from should be affirmed, without costs or disbursements.

TITONE, J. P., LAZER, MANGANO and NIEHOFF, JJ., concur.

Order of the Supreme Court, Suffolk County, entered January 19, 1984, modified, on the law, by deleting the provisions thereof denying defendants' motions for dismissal of the complaints and for summary judgment, defendants' motions granted to the extent that they sought summary judgment dismissing the complaints, and complaints dismissed. As so modified, order affirmed, without costs or disbursements.