A. RICHARD GOLUB, Appellant-Respondent, v ESQUIRE PUBLISHING INC. et al., Respondents-Appellants.

The fifth cause of action, sounding in prima facie tort, alleges that defendants published and distributed defamatory statements as part of "an intentional, calculated and malicious course of conduct intended to continually disparage, defame, ridicule, scorn and damage plaintiff before the general public" in his professional and personal life. Plaintiff, an attorney, claims that the utterances, published in articles and made on a television interview program, portrayed plaintiff as

a "loose-tongued lawyer", who "revealed his innermost secrets", thus conveying the impression that he could not keep confidential client information, which would damage his professional standing. Special Term, referring to confidentiality as a necessary attribute to those in the legal profession, sustained the fifth cause of action as stating a colorable claim, especially in view of the assertion that there had been "repeated and possibly vindictive alleged libels."

We disagree. Prima facie tort allows a remedy for the intentional infliction of harm, which results in special damages, without any excuse or justification, by an act or series of acts which would otherwise be lawful *(Friehofer v Hearst Corp.,* 65 NY2d 135, 142-143; *ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458). In order to properly plead a cause of action for prima facie tort, it is necessary to allege that the action complained of was solely motivated by malice or " 'disinterested malevolence' " *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333; *see also, Curiano v Suozzi,* 63 NY2d 113, 117; *Alexander & Alexander v Fritzen,* 114 AD2d 814, 816). In addition, a critical element of the cause of action is an allegation that plaintiff suffered specific, measurable loss, which requires an allegation of special damages *(Friehofer v Hearst Corp., supra,* p 143; *Curiano v Suozzi, supra,* p 117; *ATI, Inc. v Ruder & Finn, supra,* p 458; *Morrison v National Broadcasting Co.,* 19 NY2d 453, 458; *Susskind v Ipco Hosp. Supply Corp.,* 49 AD2d 915). Here, the pleading is legally deficient in both respects. No special damages have been alleged, nor has it been alleged that defendants' sole motivation was disinterested malevolence.

We agree, however, with so much of Special Term's determination as dismissed the first four causes of action for defamation. In our view, the words complained of, in the context of the article as a whole, are not defamatory as a matter of law. Contrary to plaintiff's assertion, whether particular words are defamatory so as to be actionable poses a legal question for the court in the first instance *(Aronson v Wiersma,* 65 NY2d 592; *James v Gannett Co.,* 40 NY2d 415; *Tracy v Newsday, Inc.,* 5 NY2d 134).

Here, the publications do not convey the impression that plaintiff in his professional capacity had divulged confidential client information, but only, as found by Special Term, that he had a "penchant for talking about himself and his personal life". In other respects, the statements are expressions of opinion and, whether or not false, are not actionable *(see, Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, *cert denied*

434 US 969; *Rand v New York Times Co.*, 75 AD2d 417). As observed by the Court of Appeals in another context, "The language, at worst, relates to a 'general reflection upon the plaintiff's character or qualities,' not 'a matter of significance and importance' " so as to amount to actionable defamation *(Aronson v Wiersma, supra,* p 594, quoting Prosser and Keeton, Torts § 112, at 791 [5th ed]). Concur—Ross, J. P., Carro, Asch, Kassal and Ellerin, JJ.