■ JOHN F. DUANE, Appellant, v DOUGLAS PRESCOTT et al., Respondents.—In an action, *inter alia,* to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Bambrick, J.), dated October 29, 1986, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action has its basis in the 1982 and 1984 campaigns for State Assembly for the 25th Assembly District in Queens. In 1982, the plaintiff John F. Duane defeated incumbent Douglas Prescott, a defendant herein. The statements challenged as defamatory were published either prior to or during the 1984 campaign and the majority of them comment on the tactics employed during the plaintiff's 1982 campaign or remarks made by him during the campaign. Mr. Duane lost his bid for reelection to Mr. Prescott in the 1984 race.

After a review of the record compiled in this case we are of the view that the plaintiff has failed to establish the existence of triable issues, which, if resolved in his favor, would warrant a finding of liability. Initially, we observe that several of the statements complained of, taken in context and viewed fairly, are not "reasonably susceptible of a defamatory connotation" *(James v Gannett Co.,* 40 NY2d 415, 419-420; *see, Aronson v Wiersma,* 65 NY2d 592; *Pace v Rebore,* 107 AD2d 30, *appeal dismissed* 67 NY2d 647).

We are, moreover, in accord with the observation of the court of first instance that, "[w]hile plaintiff has included in his complaint a voluminous amount of publications and statements alleged to be defamatory, it is immediately apparent from an examination of each separate publication that they are no more than political hyperbole or opinion, all too typically unfair in the treatment of an opponent, but which are not actionable" *(see, Gertz v Robert Welch, Inc.,* 418 US 323, 329-330; *Steinhilber v Alphonse,* 68 NY2d 283; *Pace v Rebore, supra,* at 32).

Next, the plaintiff's status as a public figure and public

official requires him to demonstrate, with evidence of convincing clarity, that the statements challenged as defamatory were made with actual malice, i.e., "with knowledge that [they were] false or with reckless disregard of whether [they were] false or not" *(New York Times Co. v Sullivan,* 376 US 254, 280) or "with [a] high degree of awareness of their probable falsity" *(Garrison v Louisiana,* 379 US 64, 74), or while "the defendant in fact entertained serious doubts as to the truth of his publication" *(St. Amant v Thompson,* 390 US 727, 731). On this record, we cannot say that there are triable issues of fact, which, if resolved in the plaintiff's favor, would permit a jury to conclude that the constitutional burden of proof by evidence of convincing clarity has been satisfied *(see, Anderson v Liberty Lobby,* 477 US 242; *Cosme v Town of Islip,* 63 NY2d 908; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, *cert denied* 434 US 969).

The dismissal of the plaintiff's defamation claims mandates dismissal of the cause of action sounding in conspiracy to defame. "The gravamen of an action for conspiracy to damage one's reputation by false and malicious statements is the libel or slander and not the conspiracy, since there is no such tort as conspiracy and the underlying act lays the basis for the award of damages in a civil court" (20 NY Jur 2d, Conspiracy-Civil Aspects, § 11, at 15; *see, Burns Jackson Miller Summit & Spitzer v Lindner,* 88 AD2d 50, 72, *affd* 59 NY2d 314; *Noble v Creative Tech. Servs.,* 126 AD2d 611). Accordingly, the dismissal of the underlying substantive cause of action also requires the dismissal of the accompanying charges of conspiracy based on the same facts or allegations *(Klein v Walston & Co.,* 41 Misc 2d 379, *affd* 27 AD2d 988).

We also agree with the dismissal of the thirty-sixth and thirty-seventh causes of action. The tort of intentional infliction of emotional distress is predicated upon extreme and outrageous conduct which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society *(see, Fischer v Maloney,* 43 NY2d 553, 557). The facts alleged in the complaint and the assertions in their support do not meet this standard.

Finally, the constitutional limitations which required dismissal of the defamation claims similarly require dismissal of that cause of action sounding in injurious falsehood *(see,* Restatement [Second] of Torts § 623A, comments c, e, g).

We have examined the remainder of the plaintiff's contentions and find them to be without merit. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.