■ NICHOLAS M. SANDS, Appellant, v NEWS AMERICA PUBLISHING, INC., Doing Business as NEW YORK POST, et al., Respondents. [655 NYS2d 18] —Order, Supreme Court, New York County (Carol Arber, J.), entered February 16, 1996, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Based upon the three public offices that plaintiff held, School Board member, in which position he spoke at meetings covered by the press, Democratic Committeeman and Director of the Public Development Corporation, as well as plaintiff's roles as a fundraiser for a political candidate and an active member of several civic organizations, the motion court correctly found plaintiff to be a public figure, albeit a "limited issue" public figure, who had to plead and prove constitutional malice (see, James v Gannett Co., 40 NY2d 415, 422-423; Kaplansky v Rockaway Press, 203 AD2d 425, lv denied 84 NY2d 810; Sweeney v Prisoners' Legal Servs., 146 AD2d 1, 6, lv dismissed 74 NY2d 842). It does not avail plaintiff that he no longer held these official positions or participated in matters of civic interest at the time the alleged defamatory statements were written (see, Rosenblatt v Baer, 383 US 75, 87, n 14; Zerangue v TSP Newspapers, 814 F2d 1066, 1069). On the issue of malice, plaintiff failed to submit evidence of " 'convincing clarity' " that defendants were aware that the article was probably false, and, accordingly, summary judgment was properly granted (Freeman v Johnston, 84 NY2d 52, 56-57, cert denied 513 US 1016; Sweeney v Prisoners' Legal Servs., 84 NY2d 786, 793). Plaintiff's telephone call to the reporter who wrote the article, in which plaintiff denied the truth of an earlier article by the same reporter that was substantially to the same effect as the article in issue, does not constitute clear and convincing evidence of malice; "such denials are so commonplace in the world

of polemical charge and countercharge that, in themselves, they hardly alert the conscientious reporter to the likelihood of error" (*Edwards v National Audubon Socy.*, 556 F2d 113, 121, *cert denied* 434 US 1002; *see also, Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 383, *cert denied* 434 US 969). Concur—Murphy, P. J., Sullivan, Tom and Mazzarelli, JJ.