■ JEFFREY M. BLUM, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 83991.) [680 NYS2d 355] —Order unanimously affirmed without costs. Memorandum: The Court of Claims properly denied claimant's motion for partial summary judgment and granted defendant's cross motion for summary judgment dismissing the claim. The only causes of action in the amended and supplemental claim before us on this appeal are those for negligent misrepresentation and libel. Claimant on appeal has raised no issues with respect to the two remaining causes of action, for intentional misrepresentation and

harassment, and thus they are deemed abandoned (*see, Ciesin-
ski v Town of Aurora,* 202 AD2d 984).

Claimant is a former associate professor of civil procedure at
the State University of New York at Buffalo Law School (UB
Law School). He was hired in 1985 as a visiting associate
professor for a term of three years, and his contract was
renewed in 1988 for an additional three years at the rank of
associate professor. In the fall of 1990, his sixth year of employ-
ment and the year in which tenure is normally granted or
denied, claimant was informed at a meeting convened by the
then Dean of the UB Law School (Dean) that the likelihood of
his obtaining tenure was poor. Claimant questioned the fair-
ness of that informal meeting and thereafter exchanged sev-
eral letters with the Dean that collectively form the basis for
claimant's cause of action for negligent misrepresentation.
That cause of action is based upon the assertion that he was
negligently led to believe that he could defer his application for
tenure into the seventh and final year permitted for untenured
professors and receive an administrative appointment as an
associate professor for an additional year, which, under the
regulations of the State University of New York, would consti-
tute a "continuing appointment" (8 NYCRR 335.4) or de facto
tenure. Thus, according to claimant, it was represented to him
that he would become tenured without going through the ten-
ure process. Claimant was ultimately appointed for an ad-
ditional year as a "visiting professor" and his appointment was
terminated at the end of that year. He was never reviewed for
tenure.

The libel cause of action arose from comments made by an
Assistant Attorney-General in connection with an action com-
menced by claimant in Federal court. He was allegedly quoted
in the UB Law School newspaper as stating, "Blum's inexperi-
ence in litigation is obvious from the many errors in his plead-
ing. The claim doesn't meet minimum requirements of civil
procedure." He was also quoted as stating, "[t]he Eleventh
Amendment is as basic as it gets * * * Professor Blum may
characterize his ignorance any way he wishes."

The complaint in the Federal action was dismissed with leave
to refile and was thereafter dismissed with prejudice (*see, Blum
v Schlegel,* 1996 WL 925921, 12 [WD NY, May 9, 1996, Skretny,
J.], *affd on other grounds* 108 F3d 1369). Claimant subse-
quently filed an amended and supplemental claim in this ac-
tion in 1994.

With respect to the negligent misrepresentation cause of ac-
tion, claimant relies entirely on an exchange of correspondence

between the Dean and himself that occurred in the fall of 1990. Claimant alleges that the Dean negligently led him to believe that he would be appointed to a fourth year as an associate professor, which under the regulations governing appointments of academic faculty is required to be a continuing appointment, i.e., one that continues until resignation, retirement or termination (*see*, 8 NYCRR 335.2, 335.4). Upon our review of that correspondence, we conclude that defendant established as a matter of law that no such misrepresentation was made to claimant, negligently or otherwise, and claimant failed to raise an issue of fact. The correspondence established only that the parties agreed to defer claimant's tenure review. Thus, that cause of action was properly dismissed.

With respect to the cause of action for libel, claimant was a public figure in the context of the litigation in State and Federal court concerning his relationship with the UB Law School. "The essential element underlying the category of public figures is that the publicized person has taken an affirmative step to attract public attention. Of course, not all persons reported upon in the media have sought the publicity. However, there are individuals who, for a variety of reasons, have strived to achieve a measure of public acclaim" (*James v Gannett Co.*, 40 NY2d 415, 422, *rearg denied* 40 NY2d 990). Claimant publicized his alleged mistreatment by the UB Law School among both students and faculty. He drafted a press release after he commenced this action and the Federal action, and he discussed the complaints in both actions in his civil procedure class and put copies of the complaints on reserve in the UB Law School library. Claimant also published an article in the student newspaper about his situation. "By [his] purposeful activity, [he] thrust [him]self into the public spotlight and sought a continuing public interest in [his] activities" (*James v Gannett Co., supra*, at 423).

"To prevail in a defamation action, a public figure [claimant] must show that the alleged statements were about and concerning him, that they were likely to be understood as defamatory by the ordinary person, that the statements were false, and that they were published with actual malice" (*Curry v Roman* [appeal No. 1], 217 AD2d 314, 318, *lv denied* 88 NY2d 804). A claimant must establish with convincing clarity that defendant acted with actual malice, i.e., "with knowledge that the allegedly defamatory statement was false or with reckless disregard for the truth or falsity of the statement" (*Millus v Newsday, Inc.*, 89 NY2d 840, 843, *cert denied* 520 US 1144). On this record, there is no evidence of actual malice. " '[T]he actual malice

standard is not satisfied merely through a showing of ill will or "malice" in the ordinary sense of the term' [citation omitted]. It must be established that the 'defendant * * * made the false publication with a "high degree of awareness of . . . probable falsity" * * * or must have "entertained serious doubts as to the truth of his publication" ' " (*Prozeralik v Capital Cities Communications,* 82 NY2d 466, 474). Thus, the court properly dismissed the libel cause of action. (Appeal from Order of Court of Claims, NeMoyer, J.—Summary Judgment.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.