■ THOMAS D. COOK, Appellant, v HOWARD R. RELIN, Re-spondent. [721 NYS2d 885] —Order affirmed with costs. Memo-

randum: Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint in this defamation action on the ground that defendant's allegedly defamatory statements are constitutionally protected expressions of opinion. In determining whether a reasonable listener would have viewed defendant's communication as an expression of opinion or a statement of fact, it is necessary to consider "the content of the whole communication, its tone and apparent purpose" (*Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 254, *cert denied* 500 US 954; *see, Brian v Richardson,* 87 NY2d 46, 51). The tone of the communication is ironic, sarcastic and caustic; "it is evident that the [communication] was intended to be invective expressed in the form of heavy-handed and nonsensical humor" (*Steinhilber v Alphonse,* 68 NY2d 283, 293). Further, and more significantly, the communication was made in the midst of a heated and bitter political campaign. Viewed in that context, it would be plain to a reasonable listener that defendant "was voicing no more than a highly partisan point of view" (*Immuno AG. v Moor-Jankowski, supra,* at 255). His statements, portraying plaintiff as dishonest and hypocritical, " 'are no more than political hyperbole or opinion, all too typically unfair in the treatment of an opponent, but which are not actionable' " (*Duane v Prescott,* 134 AD2d 560, *lv denied* 72 NY2d 801). "Here the inescapable conclusion from the verbal context of the entire message and all of the circumstances under which it was delivered is that the statement would be understood by the ordinary listener for what it is: a tasteless effort to lampoon plaintiff" for his actions in opposing defendant's reelection (*Steinhilber v Alphonse, supra,* at 294-295).

In addition, even assuming that defendant's statements falsely implied that plaintiff was intoxicated at a golf outing sponsored by plaintiff's restaurant, we conclude that the statements are not actionable. "[T]he imputation of drunkenness is libelous only when accompanied by some aggravating factor not present here" (*Alvarado v K-III Mag. Corp.,* 203 AD2d 135, 136-137). Contrary to the position of the dissent, the allegedly false implication that plaintiff was intoxicated at a social outing does not tend to injure him in his profession as an attorney because it does not reflect on his performance or competence as an attorney (*see, Golub v Esquire Publ.,* 124 AD2d 528, 529-530, *lv denied* 69 NY2d 606; *see generally, Golub v Enquirer/ Star Group,* 89 NY2d 1074, 1076; *cf., Van Lengen v Parr,* 136 AD2d 964, 965). Further, to the extent that plaintiff alleges that defendant made false statements disparaging him as a restaurateur, the single instance rule applies (*see generally,*

*Larson v Albany Med. Ctr.,* 252 AD2d 936, 939; *D'Agrosa v Newsday, Inc.,* 158 AD2d 229, 237), and plaintiff failed to plead special damages in connection with those statements (*see, Larson v Albany Med. Ctr., supra,* at 939; *D'Agrosa v Newsday, Inc., supra,* at 237; *see also, Continental Air Ticketing Agency v Empire Intl. Travel,* 51 AD2d 104, 108).

All concur except Hayes, J., who dissents and votes to reverse in the following Memorandum.

Hayes, J. (dissenting). I respectfully dissent. In my view, Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint in this defamation action. The statements made by defendant concerning plaintiff were "reasonably susceptible of a defamatory connotation" (*James v Gannett Co.,* 40 NY2d 415, 419, *rearg denied* 40 NY2d 990; *see, Silsdorf v Levine,* 59 NY2d 8, 12-13, *cert denied* 464 US 831; *Curry v Roman,* 217 AD2d 314, 318-319, *lv denied sub nom. Parlato v Roman,* 88 NY2d 804). The statements, which implied that plaintiff was intoxicated and disloyal to his clients, were disparaging to plaintiff in his profession and affected his credibility as an attorney representing clients charged with alcohol-related Vehicle and Traffic Law offenses. Contrary to the position of the majority, the statements were mixed opinion and thus actionable. Where, as here, a "statement of opinion implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it, it is a 'mixed opinion' and is actionable" (*Steinhilber v Alphonse,* 68 NY2d 283, 289). The statements made by defendant "may be reasonably understood as implying the assertion of undisclosed facts justifying the opinion" (*Steinhilber v Alphonse, supra,* at 290), i.e., that plaintiff was intoxicated and disloyal to his clients. (Appeal from Order of Supreme Court, Monroe County, Doyle, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Hurlbutt and Lawton, JJ.