■ GUILFORD D. WHITE et al., Appellants-Respondents, v PHILIP H. TARBELL, Respondent-Appellant. [727 NYS2d 496] —Carpinello, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered November 7, 2000 in Franklin County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this defamation action based upon certain statements made by defendant in a letter circulated to members of the St. Regis Mohawk Tribe as part of his campaign for reelection to the tribal legislative council. The statements concerned alleged improper business practices and other activities involving the St. Regis Mohawk Bingo Palace, which plaintiffs Guilford D. White and Basil "Buddy" Cook had managed for more than 10 years. After joinder of issue, defendant moved for summary judgment dismissing the complaint. Concluding that plaintiffs' status as public figures had been established as a matter of law but that a question of fact existed regarding defendant's actual malice, Supreme Court denied the motion. The parties cross-appeal. Although we agree with Supreme Court's ultimate conclusion and affirm its order in this case, we disagree with the court's reasoning and deny defendant's motion for summary judgment on a different ground.

Designation as a public figure "may rest on either of two alternative bases. In some instances an individual may achieve such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts. More commonly, an individual voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues. In either case such persons assume special prominence in the resolution of public questions" (*Gertz v Robert Welch, Inc.*, 418 US 323, 351). While "[t]he extent to which one becomes a public figure is a matter of degree" (*James v Gannett Co.*, 40 NY2d 415, 423), "[t]he essential element underlying the category of public figures is that the publicized person has taken an affirmative step to attract public attention" (*id.*, at 422). Thus, one may become a limited purpose public figure by "purposeful activity amounting to a thrusting of his personality into the 'vortex' of an important public controversy" (*Curtis Publ. Co. v Butts*, 388 US 130, 155).

The community in this case was the St. Regis Mohawk Tribe whose members live on or near the St. Regis Reservation. Defendant alleged that plaintiffs were public figures as a result of their involvement in tribal politics and their presence in the community as businessmen. Absent from defendant's motion papers, however, are any evidentiary facts to demonstrate that plaintiffs, through pervasive involvement in the affairs of society, had achieved such fame or notoriety in the community that they had become public figures for all aspects of their lives (*see, Gertz v Robert Welch, Inc., supra*, at 351). Also absent is sufficient evidence to demonstrate as a matter of law that by

their purposeful activities or affirmative steps, plaintiffs had injected themselves or were drawn into a particular public controversy, thereby attracting public attention and becoming public figures for the purpose of the issues arising out of that particular controversy (*see, id.*).*

In contrast to *Pace v Rebore* (107 AD2d 30, *appeal dismissed* 67 NY2d 647), upon which defendant relies, defendant's conclusory allegations of plaintiffs' involvement in politics is unsupported by any evidence of their specific political activities (*cf., Sands v News Am. Publ.*, 237 AD2d 177). More importantly, the record of the case thus far lacks the evidentiary demonstration of public attention contained in *Pace*, where the plaintiffs were shown to "have been the subject of continuing public interest for many years, as evidenced by numerous newspaper articles describing their activities" (*Pace v Rebore, supra,* at 33). The fact that one of the plaintiffs here had previously run for public office is also insufficient in and of itself to establish his status as a limited purpose public figure, for there is no evidence of any relationship between his prior candidacies and the particular public controversy that was the subject of defendant's allegedly defamatory statements (*cf., Bytner v Capital Newspaper,* 112 AD2d 666, 667-668, *affd* 67 NY2d 914).

As noted, for a number of years, two of the plaintiffs had managed the bingo parlor, which admittedly was the community's largest business. While the termination of that business relationship was apparently the subject of litigation (*see, Basil Cook Enters. v St. Regis Mohawk Tribe,* 117 F3d 61), there is no evidence that these two plaintiffs sought to expand the controversy outside the scope of the private litigation or otherwise publicized their grievances (*cf., Blum v State of New York,* 255 AD2d 878, 880, *lv denied* 93 NY2d 802). In short, their involvement in a controversial business, even one that may have been the subject of a tribal investigation, as defendant contends, is insufficient, without more, to confer public figure status on them (*see, Mahoney v State of New York,* 236 AD2d 37, 40).

We conclude that in the absence of evidence of plaintiffs' alleged involvement with the public and news media regarding the subject matter of defendant's allegedly defamatory state-

---

* "Hypothetically, it may be possible for someone to become a public figure through no purposeful action of his own, but the instances of truly involuntary public figures must be exceedingly rare" (*Gertz v Robert Welch, Inc., supra,* at 345). There is nothing in the record to demonstrate that this is one of those rare cases (*cf., Daniel Goldreyer, Ltd. v Dow Jones & Co.,* 259 AD2d 353).

ments, the issue of plaintiffs' status as public figures cannot be determined "without a greater exploration of the facts as to [their] public actions" (*O'Neil v Peekskill Faculty Assn.*, 120 AD2d 36, 45, *appeal dismissed* 69 NY2d 984). Supreme Court, therefore, erred in determining that, on the evidence in this record, defendant demonstrated plaintiffs' public figure status as a matter of law. Accordingly, we need not reach the actual malice issue.

Mercure, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.