■ MAGALY C. DE CAPRILES et al., Appellants, v CARMEN C.L. LUGO et al., Respondents. [740 NYS2d 623] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 9, 2001, which denied plaintiffs' motion for leave to serve a second amended complaint, or in the alternative, to conduct jurisdictional discovery, and granted defendants' cross motion to dismiss the amended complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

Contrary to plaintiffs' contention, the record shows that the motion court did consider their motion for leave to amend and analyzed the jurisdictional issues in light of the allegations in the proposed second amended complaint. The court properly concluded that leave to amend was unwarranted since plaintiffs' factual allegations were insufficient to support their proposed causes of action (*see, Non-Linear Trading Co v Braddis Assoc.*, 243 AD2d 107, 117), plaintiffs having failed to set

forth a prima facie basis for jurisdiction over defendants under CPLR 302 (a) (2). Plaintiffs failed to allege facts showing that Brown Brothers Harriman & Co., as the agent of the Venezuelan defendants, committed a tortious act in New York, for the benefit and with the consent and knowledge of defendants, and in furtherance of a conspiracy that included the foreign defendants (cf., In re Sumitomo Copper Litig., 120 F Supp 2d 328). In any event, plaintiffs failed to make out the jurisdictionally requisite substantial connection between the alleged tortious conduct and New York (see, Small v Lorillard Tobacco Co., 252 AD2d 1, 17-18; see also, LaMarca v Pak-Mor Mfg. Corp., 95 NY2d 210).

Leave for jurisdictional discovery was properly denied since plaintiffs did not show that facts may exist which would warrant the denial of defendants' motion (see, Peterson v Spartan Indus., 33 NY2d 463, 466-467).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Nardelli, J.P., Buckley, Rosenberger, Ellerin and Rubin, JJ.