■ DAVID WAHRENDORF et al., Respondents, v CITY OF OSWEGO, Defendant, and EDWARD J. HARRINGTON, Individually and as Third Ward Alderman of Oswego City Council, et al., Appellants. [899 NYS2d 502]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered December 22, 2008. The order, insofar as appealed from, denied the motion of defendants Edward J. Harrington, individually and in his official capacity as Third Ward Alderman of Oswego City Council, and Traditional Family Builders, Inc. to dismiss the complaint against them.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendants Edward J. Harrington, individually and in his official capacity as Third Ward Alderman of the Oswego City Council, and Traditional Family Builders, Inc. is granted and the complaint against those defendants is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for defamatory statements that allegedly were made by Edward J. Harrington (defendant) in two separate postings on a Web site registered to defendant and operated by him. According to plaintiffs, defendant is "the Chairman and/or Chief Executive Officer" of defendant Traditional Family Builders, Inc. (TFB). Supreme Court erred in denying the motion of defendant and TFB to dismiss the complaint against them for, inter alia, failure to state a cause of action (see CPLR 3211 [a] [7]), on the ground that the statements at issue are constitutionally protected expressions of opinion. In determining whether defendant's statements constitute actionable factual assertions as opposed to nonactionable opinions, it is necessary to "examine the content of the [statements as a] whole . . . as well as [their] tone and [their] apparent purpose" (Steinhilber v Alphonse, 68 NY2d 283, 293 [1986]; see Brian v Richardson, 87 NY2d 46, 51 [1995]). Here, the tone of the statements at issue "is ironic, sarcastic and caustic; 'it is evident that the [statements were] intended to be invective expressed in the form of heavy-handed and nonsensical humor' " (Cook v Relin, 280 AD2d 897, 898 [2001], quoting Steinhilber, 68 NY2d at 293). Defendant characterized plaintiffs as "slumlords" and "sociopaths" and referred to plaintiff David Wahrendorf as "Clarabell," who was the clown on the Howdy Doody Show. Defendant also described one of plaintiffs' rental properties as a "garbage heap" and a "pig pen." We conclude that those statements "amounted to no more than name-calling or . . . general insult[s]" (DePuy v St. John Fisher Coll., 129 AD2d 972, 973 [1987], lv denied 70 NY2d 602 [1987]), and were "clearly part of the attempt at humor prevailing throughout" (Steinhilber, 68 NY2d at 293). We conclude, therefore, that the allegedly defamatory statements are not actionable as a matter of law and thus that the court erred in denying the motion of defendant and TFB to dismiss the complaint against them for failure to state a cause of action. Present—Centra, J.P., Carni, Lindley, Green and Gorski, JJ.