■ ARAMID ENTERTAINMENT FUND LTD. et al., Appellants, v WIMBLEDON FINANCING MASTER FUND, LTD., et al., Respondents, et al., Defendants. [965 NYS2d 26]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about March 28, 2012, which granted defendant David Bergstein's motion to dismiss the complaint as against him for lack of personal jurisdiction, and order, same court and Justice, entered March 22, 2012, which granted the motion of defendants Wimbledon Financing Master Fund, Ltd., WFM Holdings Ltd., Stillwater Capital Partners, Inc., Stillwater Market Neutral Fund III SPC, Gerova Financial Group, and Joseph Bianco, dismissing the complaint as against them for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiffs failed to state a claim for tortious interference with prospective business advantage, since there was no sufficient allegation that, but for defendants' interference, Aramid would have completed the sale of its assets to a third party (*see Gebbia v Toronto-Dominion Bank*, 306 AD2d 37, 38 [1st Dept 2003]). Nor have plaintiffs sufficiently alleged any facts suggesting that defendants undertook actions with the sole purpose of harming plaintiffs (*see Thome v Alexander & Louisa Calder Found.*, 70 AD3d 88, 108 [1st Dept 2009], *lv denied* 15 NY3d 703 [2010]). Plaintiffs also failed to state a claim for prima facie tort, since they failed to allege that defendants' actions were solely motivated by malice or disinterested malevolence and they failed to plead special damages (*see Golub v Esquire Publ.*, 124 AD2d 528, 529 [1st Dept 1986], *lv denied* 69 NY2d 606 [1987]).

Plaintiffs failed to set forth a prima facie basis for jurisdiction over defendant Bergstein under CPLR 302 (a) (2). In particular, plaintiffs failed to allege facts showing that defendants, including defendant Bianco, as the agent of Bergstein, committed a tortious act in New York for the benefit and with the consent and knowledge of Bergstein, and in furtherance of a conspiracy that included Bergstein (*see de Capriles v Lugo,* 293 AD2d 405 [1st Dept 2002], *lv dismissed and denied* 98 NY2d 717 [2002]).

The court properly exercised its discretion in denying plaintiffs' request for jurisdictional discovery, since they did not show that facts may exist supporting their theory of conspiracy (*Lugo,* 293 AD2d at 406). Concur—Acosta, J.P., Moskowitz, Renwick, Freedman and Clark, JJ.