OPINION OF THE COURT
Wachtler, J.
At issue on this appeal is the scope of constitutional protection to be afforded allegedly defamatory statements, expressed in the form of opinions concerning plaintiff’s performance while in public office. We hold that, in the procedural posture in which this case reaches us, plaintiff’s allegations are legally sufficient to state a cause of action for defamation. The complained of statements, although constituting opinions and therefore entitled to a measure of constitutional protection, may nevertheless form the basis for a defamation claim, inasmuch as plaintiff has alleged that the facts set forth by defendants in support of their opinions are false. Accordingly, defendants’ motion to dismiss for failure to state a cause of action should have been denied.
Plaintiff, an attorney admitted to practice in the State of New York, served as Mayor of the Village of Ocean Beach *11 from 1956 until he lost his bid for reelection in 1978. During the course of the 1978 campaign, an open letter concerning plaintiff’s administration of the affairs of Ocean Beach was circulated to the village residents. Written upon the stationery of the Citizens Party of Ocean Beach, an unincorporated association which opposed plaintiff’s reelection, and signed by four former trustees of the village, the letter expressed concern over perceived conflicts of interest and improper conduct on the part of plaintiff in his capacity as Mayor and urged that plaintiff not be reelected.
Specifically, the letter states that plaintiff had found his public office increasingly helpful to his private law practice and that business promoters, seeing the opportunity to make money in Ocean Beach, “have found it pays to do business with the mayor”. In addition to the allegation that he unethically represented clients whose interests were adverse to those of the village residents, plaintiff was accused of flagrantly disregarding the authority of the village board of trustees, “by relieving the elected members of the Board of their assigned duties, resulting in one-man rule”, granting written authorization to a restaurant to bring excursion boats to Ocean Beach in violation of a village ordinance and permitting a lateral ferry to dock at 2:00 a.m. contrary to a board determination. The letter points out that plaintiff failed to intervene in a proceeding pending before the State Liquor Authority involving a particularly troublesome local bar. Rather than seeking to have the bar’s license suspended or revoked, plaintiff allegedly represented the bar in this proceeding. The letter also states that village residents had gone to court to prevent plaintiff from improperly issuing a commercial building permit to one of his private clients.
Having set forth these examples of plaintiff’s perceived misconduct in public office, the penultimate paragraph of the letter states: “There are many of us who recognize Arthur Silsdorf’s [plaintiff’s] service to the village in the past, and who have supported him in the past. But we also recognize that ‘power tends to corrupt, and absolute power corrupts absolutely’. There is no longer any question about the corruptness of Arthur Silsdorf’s administration of the *12 affairs of the Village of Ocean Beach.” It is this paragraph upon which plaintiff’s action for defamation, brought after his reelection defeat, primarily focuses. Plaintiff’s complaint, asserting a cause of action against the four signatories of the letter, as well as the officers of the Citizens Party of Ocean Beach, alleges that defendants, through the letter, falsely charged plaintiff with criminal corruption, the sale of favors in his official capacity and corruptly profiting in his private law practice at the expense of the village. Defendants, it is further alleged, published these defamatory statements with actual malice, in that they knew or should have known that the statements made were untrue.
Defendants moved to dismiss the complaint upon the ground that it failed to state a cause of action in that the statements complained of were constitutionally protected expressions of opinion for which liability in defamation may not be imposed. Special Term’s order denying the motion to dismiss was reversed by the Appellate Division, with two Justices dissenting. A majority of the Appellate Division agreed with defendants that the complaint fails to state a claim for libel, because the alleged defamatory statements are nonactionable opinions. The court also noted that dismissal of the complaint was mandated upon the further ground that plaintiff’s claim of actual malice “falls by the wayside” in view of his failure to contest the facts upon which the opinions were based. We now reverse the order of the Appellate Division.
The issues raised on this appeal come before the court in the procedural posture of a motion to dismiss the complaint for failure to state a cause of action. Thus, we accept as true each and every allegation made by plaintiff and limit our inquiry to the legal sufficiency of plaintiff’s claim. If, upon any reasonable view of the stated facts, plaintiff would be entitled to recovery for defamation, the complaint must be deemed to sufficiently state a cause of action (219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506, 509).
Initially, we note the well-established principle that it is for the court to decide whether the statements complained of are “reasonably susceptible of a defamatory connotation”, thus warranting submission of the issue to the trier *13 of fact (James v Gannett Co., 40 NY2d 415, 419; Mencher v Chesley, 297 NY 94, 100). The entire publication, as well as the circumstances of its issuance, must be considered in terms of its effect upon the ordinary reader. We have no difficulty in concluding that the statements identified by plaintiff as defamatory, hold him up to public disgrace and contempt so as to render them, if false, libelous (Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379, cert den 434 US 969). Clearly, false statements that “it pays to do business with the mayor”, that plaintiff is profiting in his private law practice at the village’s expense and that his administration is corrupt, having great potential for injury to plaintiff’s reputation, are capable of being interpreted as defamatory.
•That the statements may be defamatory does not, of course, end our inquiry, for defendants have urged that the statements are constitutionally protected as expressions of opinion. Whether the statements constitute fact or opinion is a question of law for the court to decide (Rinaldi v Holt, Rinehart & Winston, supra, at p 381). Although che distinction between fact and opinion may be difficult to draw in some cases, the conclusory statements in defendants’ letter concerning plaintiff’s performance and qualifications as Mayor are clearly set forth in the form of opinion. As such, they are entitled to a certain measure of constitutional protection (Gertz v Robert Welch, Inc., 418 US 323, 339-340; Rinaldi v Holt, Rinehart & Winston, supra, at pp 380-381; Cianci v New Times Pub. Co., 639 F2d 54, 61-64). This extraordinary protection of possibly defamatory statements is justified by our commitment to the principle that free and open debate on matters of public concern is not to be discouraged by the spectre of the imposition of libel damages for the expression of a harsh or unpopular opinion.
Notwithstanding the importance of protecting this form of expression even to the extent of denying recompense for injury to an individual’s reputation, the immunity afforded the expression of opinion obtains only when the facts supporting the opinion are set forth (Rinaldi v Holt, Rinehart & Winston, supra, at p 381). The purpose of this requirement is to ensure that the reader has the opportu *14 nity to assess the basis upon which the opinion was reached in order to draw his own conclusions concerning its validity.
In the present case, defendants contend that they have set forth the facts supporting their published opinions concerning plaintiff and that they are therefore entitled to constitutional protection from liability for defamation. Defendants maintain that plaintiff has not challenged the accuracy of the letter’s factual statements, but has merely disputed the conclusions drawn by defendants from the stated facts. If this were as far as plaintiff’s allegations went, we would agree that the opinions complained of could not form the basis for a defamation cause of action. Plaintiff has not, however, limited his claim to the invalidity of the conclusions drawn by defendants regarding his performance and qualifications. Rather, his affidavit in opposition to the motion to dismiss assails virtually every statement of fact contained in the letter as either a “gross distortion” or “misrepresentation of fact”. Although it is unnecessary to describe every inaccuracy detailed by plaintiff, a few examples illustrate the nature of the factual disparities.
Defendants’ letter characterizes plaintiff’s administration as “one-man rule”, brought about by plaintiff’s disregard of the board’s authority and unilateral actions taken in violation of village ordinance and board directive. In response to these statements, plaintiff alleges that he did not, as stated in the letter, relieve board members of their responsibilities, thus thwarting the democratic process; rather, following a dispute, he merely withdrew authority he had previously delegated to board members and immediately delegated that authority to others. To the accusation that he allowed excursion boats to be brought to the village in violation of an ordinance, plaintiff responds that, in view of the questionable constitutionality of the ordinance, he and a village trustee had worked out a settlement with a restaurant that had been issued numerous summonses for violation of the ordinance, allowing it to honor its bookings for a given period of time. Further, defendants’ statement that plaintiff permitted a ferry to dock in violation of a board directive is alleged to be *15 entirely untrue, inasmuch as plaintiff never authorized or permitted such landings.
Although plaintiff is accused of failing to intervene on behalf of the village in a pending State Liquor Authority proceeding, instead representing the bar, plaintiff points out that defendants’ implication that he had an obligation to take some action on behalf of the village is entirely without basis. Moreover, although he appeared as attorney of record for the bar to enter a “not guilty plea” and testified as a character witness for the bar’s owner, plaintiff otherwise had no involvement with the proceeding. Finally, plaintiff asserts that the State Liquor Authority proceeding was in no way related to the village or its ordinances and the complaint was eventually dismissed.
A final example of plaintiff’s efforts to demonstrate the false impressions created by defendants’ alleged distortions of fact involves the accusation that village residents took plaintiff to court to prevent him from improperly issuing a building permit to one of his clients. In sharp contrast to the implication that plaintiff unethically and perhaps illegally sought to benefit a client and thus misused his public office, plaintiff alleges that at the time the building permit was applied for, approved and issued, he did not represent the applicant in any capacity or for any purpose. Plaintiff’s involvement with the issuance of the permit was limited to confirming, as a matter of course, the building inspector’s approval of the application. Some time after the applicant had completed work under the permit, plaintiff prepared several leases for him. Thereafter, a local group attempted to have the building permit set aside, but the action was discontinued.
Clearly, the validity of the opinions expressed in the letter, as viewed by the average reader, could be affected by whether the facts as stated by defendants or those now alleged by plaintiff were before the reader. That being the case, plaintiff may be able to establish entitlement to recover damages for the defamatory opinions, assuming, of course, that he is able to demonstrate the falsity of the letter’s statements of fact and convince the triers of fact that the factual disparities would affect the conclusions *16 drawn by the average reader regarding the validity of the opinions expressed.
Equally important to our determination of the sufficiency of plaintiff’s allegations is the nature of the opinions expressed by defendants. As noted, although expressions of opinion are constitutionally protected, accusations of criminal or illegal activity, even in the form of opinion, are not (see, e.g., Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, cert den 434 US 969, supra; Buckley v Littell, 539 F2d 882, cert den 429 US 1062; Cianci v New Times Pub. Co., 639 F2d 54, supra). Plaintiff contends that he stands accused of criminal corruption by the following statement in defendants’ letter: “There is no longer any question about the corruptness of Arthur Silsdorf’s administration of the affairs of the Village of Ocean Beach”. Defendants urge that this statement may not be interpreted as implying that plaintiff engaged in criminal behavior, particularly given the preceding reference to the oft-quoted aphorism of Lord Acton: “Power tends to corrupt and absolute power corrupts absolutely”. We disagree and conclude that the statement, in the context of the entire publication, is susceptible of the interpretation offered by plaintiff. Prior to labeling plaintiff’s administration “corrupt”, defendants gave a detailed recital of plaintiff’s conduct while in public office, pointing out that business promoters had found that “it pays to do business with the mayor” and that plaintiff had attempted to issue a building permit improperly to a private client. The unmistakable import of such statements is that plaintiff misused his public office and acted illegally to promote the interests of his clients and thus of himself. We conclude that the statement might reasonably be interpreted by the average reader as charging plaintiff with illegal conduct while in office. Particularly given this aspect of the claimed defamation, plaintiff’s complaint must be deemed legally sufficient.
We note finally that defendants’ concern over undue limitations upon expression in the course of political campaigns is misplaced. Even privilege has its limitations and even a public figure in the midst of a political campaign is entitled to some degree of protection. It is true that our society places a high value on the uninhibited and open *17 debate necessary for the responsible functioning of political processes, to the extent even of protecting some falsity to avoid creating a chilling effect upon that expression (New York Times Co. v Sullivan, 376 US 254, 279; Gertz v Robert Welch, Inc., 418 US 323, 340-341, supra). But sufficient protection is afforded defendants by virtue of the requirement that plaintiff prove actual malice. Plaintiff, as Mayor of the Village of Ocean Beach and participant in an election for that office, clearly is a “public official” for purposes of applying the New York Times rule. Thus, a constitutional prerequisite to plaintiff’s recovery is that he prove that defendants published the defamatory statements with actual knowledge that they were false or with reckless disregard for their truth or falsity (New York Times Co. v Sullivan, supra, at p 280).
Plaintiff’s complaint alleges the actual malice element of the defamation cause of action. In the present posture of this case, there is no reason to prevent plaintiff from attempting to prove that defendants published the letter with actual malice.
Accordingly, the order of the Appellate Division should be reversed, and the order of Supreme Court, New York County, denying defendants’ motion to dismiss the complaint reinstated.
Chief Judge Cooke and Judges Jasen, Jones, Fuchs-berg, Meyer and Simons concur.
Order reversed, with costs, and the order of Supreme Court, New York County, denying defendants’ motion to dismiss the complaint reinstated.