■ PHYLLIS L. ZUBER, Appellant, v NANCY BORDIER, Respondent.—In an action to recover damages for defamation and intentional infliction of emotional distress, the plaintiff ap-

peals from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered October 21, 1986, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, without costs or disbursements.

On March 26, 1986, the plaintiff, a certified, tenured teacher of home economics in the White Plains Middle School verbally disciplined one of her students who had arrived late for class without an excuse and caused a disruption in the classroom. The following day, the child's mother, the defendant in the instant action, with the permission of the school's principal, attended the plaintiff's class to observe the manner in which the class was conducted. By letter dated March 30, 1986, the defendant informed the principal that based upon her observations and experience as an educator, the plaintiff was ill-suited to teaching. On April 6, 1986, at a conference with the plaintiff and the defendant's daughter, the defendant again attacked the plaintiff's competency as a teacher. Thereafter the plaintiff commenced the instant action against the defendant seeking damages for defamation and intentional infliction of emotional distress. The defendant thereafter moved to dismiss the complaint for failure to state a cause of action. In granting the defendant's motion and dismissing the plaintiff's complaint, the Supreme Court, relying on *Weissman v Mogol* (118 Misc 2d 911), found that the defendant's statements as to the plaintiff's alleged incompetence as a teacher was absolutely privileged. We affirm, but for a different reason. The statements are constitutionally protected as expressions of opinion.

The statements at issue in the case at bar expressed the defendant's opinion of the plaintiff's teaching ability, based upon the defendant's observation. Since the facts supporting the defendant's opinion were set forth, so as to ensure that the reader and the listeners had an opportunity to assess the basis upon which the opinion was reached and reach their own conclusions, she cannot be held liable *(see, Silsdorf v Levine,* 59 NY2d 8, 13-14, *cert denied* 464 US 831). Accordingly, her statements must receive the constitutional protection accorded to the expression of ideas no matter how vituperative or unreasonable they are *(see, Steinhilber v Alphonse,* 68 NY2d 283, 289; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 380, *rearg denied* 42 NY2d 1015, *cert denied* 434 US 969).

We also agree with the dismissal of the intentional infliction

of emotional distress cause of action. The tort of intentional infliction of emotional distress predicates liability on the basis of extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society *(see, Fischer v Maloney,* 43 NY2d 553, 557). The facts alleged in the complaint and the assertions in their support do not meet this standard. Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.