■ Lois Leombruno, Respondent, v Robert D. Leombruno, Sr., Appellant.—Per Curiam. Appeal from an order of the Supreme Court (Dier, J.), entered July 1, 1988 in Warren County, which denied defendant's motion to disqualify the assigned Supreme Court Justice.

After issue was joined in this divorce action, defendant moved to disqualify Supreme Court Justice John G. Dier from hearing and determining the issues raised. It appears that defendant and Justice Dier live near each other and, according to defendant, have had disagreements resulting in police intervention. Plaintiff opposed the motion, which was claimed to be merely another in a long series of delaying tactics. Justice Dier refused to recuse himself, concluding that the court's impartiality had not been reasonably questioned. From the order entered thereon, defendant appeals.

Concededly, there is no basis for statutory disqualification under Judiciary Law § 14. The Rules of the Chief Administrator of the Courts, however, provide that "[a] judge shall disqualify himself or herself in a proceeding in which his or her impartiality might reasonably be questioned" (22 NYCRR 100.3 [c] [1]). Defendant's allegations and documentary evidence raise serious questions as to the relationship between Justice Dier and defendant which could easily be interpreted by some as affecting the Justice's impartiality. Accordingly, Justice Dier should have disqualified himself in accordance with the Chief Administrator's rules.

Order reversed, on the law and the facts, without costs, and motion granted. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.