■ JEROME EPSTEIN, Appellant, v BOARD OF TRUSTEES OF DOWLING COLLEGE et al., Respondents.—In an action to recover damages for libel, the plaintiff appeals from an order of the Supreme Court, Queens County (Corrado, J.), dated February 4, 1988, which granted the defendants' motion for summary judgment dismissing the complaint, and a judgment of the same court, entered February 23, 1988, thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff, who was a professor at Dowling College, alleged that two letters published in the "Letters to the Editor" column of the students' newspaper, the Lion's Voice, were defamatory of him. The first letter was written by a named student who complained that she received a failing grade from the plaintiff in his statistics course. She stated in this letter, among other things, that the plaintiff did not teach with the same methods as the text, the text used was inadequate, and that she was "taken advantage of and misguided by this instructor".

The second letter complained of was written by the editor-in-chief of the newspaper, a student who received an "F" grade in the course taught by the plaintiff, and whose appeal to the Academic Standards Committee for a change of grade was denied. The letter, purporting to include a summary of over 20 letters received by the newspaper, and expressing "some of the OPINIONS, questions and topics raised by students" (emphasis in original), stated in pertinent part: "[L]ying, deceiving, making false promises, not advising, ill advising, misleading, unfair/contradictory grading policies and statements, ludicrous amount of failures, lost time and credits * * * poor treatment of students, insulting, harassing, limited office hours, long lines of students waiting for extra help * * * poor teaching abilities, lack of organization, losing assignments".

Subsequently, the students opposing this view of the plaintiff wrote to the newspaper and their letters were published. The "opposing views" were the plaintiff's "abilities as a teacher definately *[sic]* fit the image of Dowling" as a personal college. In their view "[f]uture Dowling students should be provided with a teacher as dedicated to his students as [the plaintiff]".

It is well settled that an expression of "opinion" is not actionable because of the constitutional protection accorded to

the free expression of ideas even if false and libelous and no matter how pejorative or pernicious they may be *(see, Steinhilber v Alphonse,* 68 NY2d 283; *Rinaldi v Holt, Reinhart & Winston,* 42 NY2d 369, *cert denied* 434 US 969; *Parks v Steinbrenner,* 131 AD2d 60; *Chalpin v Amordian Press,* 128 AD2d 81). As the Court of Appeals stated in *Rinaldi v Holt, Reinhart & Winston (supra,* at 380-381), the rule is as follows: "Erroneous opinions are inevitably put forward in free debate but even the erroneous opinion must be protected so that debate on public issues may remain robust and unfettered and concerned individuals may have the necessary freedom to speak their conscience. (See *New York Times Co. v Sullivan,* 376 US 254, 271-272, *supra.)* Plaintiff may not recover from defendants for simply expressing their opinion of his * * * performance *no matter how unreasonable, extreme or erroneous these opinions might be"* (emphasis added).

Upon our review of the entire record and considering the broader social context of the publication *(see, Steinhilber v Alphonse,* 68 NY2d 283, 292, *supra),* we agree with the Supreme Court that the allegedly defamatory statements in both letters constitute nonactionable opinions *(see, Gertz v Robert Welch, Inc.,* 418 US 323; *Ollman v Evans,* 750 F2d 970, *cert denied* 471 US 1127; *Steinhilber v Alphonse, supra; Rinaldi v Holt, Rinehart & Winston, supra).* It is clear that the letters were intended as the assertion of constitutionally protected opinions based on disclosed facts *(see, Buckley v Littell,* 539 F2d 882; *cf., O'Neil v Peekskill Faculty Assn.,* 120 AD2d 36, 46).

In view of this determination we do not reach the other issues raised by the parties. Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.