■ A. CHARLES D'AGOSTINO, Appellant, v RICHARD A. GOULD, Respondent.—

The plaintiff, an attorney admitted to practice in this State, represented both the seller and the purchaser Costanzo in the sale of a Bronx luncheonette in 1978. At the closing, the purchaser paid the seller by check in the amount of $5,000 and agreed to pay the balance of $15,000 in 60 monthly installments over the next five years. The plaintiff again represented Costanzo when the luncheonette was sold to a new purchaser in 1981; at that time, the original seller held notes evidencing that Costanzo still owed her the sum of $936.55.

On or about April 1983, the original seller received a State tax warrant which indicated that she owed the State bulk sale taxes in connection with her prior ownership of the luncheonette. Subsequently, the original seller received additional documents from the State indicating that her tax debt and the penalties associated with that debt were still accruing. Eventually, the State seized a bank account in the original seller's name to recover the amount of the debt. As a result of the difficulties she was experiencing, the original seller retained

another attorney, the defendant, to "look into the matter of the tax warrant" and also asked his opinion concerning the outstanding sum of money which Costanzo still owed her.

On December 17, 1987, the defendant wrote a letter to the original seller commenting on the two matters he had been asked to investigate as follows: "It would appear to me that the sums listed in the warrant relate to a bulk sale transfer tax and not to sales taxes. You have further advised me that you brought this matter to Mr. D'Agostino's attention and, by letter dated October 7, 1985, he insists that the warrant was for sales taxes. I believe that you are correct in that the warrant was for bulk sales taxes which I believe should have been taken care of by your attorney at the closing * * *. Second, I have enclosed a letter dated May 26, 1981 from Mr. D'Agostino to Anna Costanzo indicating an outstanding sum due to you from the closing in the amount of $936.55. You have advised me that, to date, this sum has not been paid. It is my opinion that this matter might properly have been collected at the closing and should probably not have been allowed to remain open. Not having been present at the closing and not knowing the details of the matter it is impossible to say who was at fault".

In April 1988 the plaintiff commenced the instant action alleging that the aforementioned statements had defamed him.

The defendant subsequently moved for summary judgment dismissing the complaint. In granting that motion and dismissing the complaint, the Supreme Court found, *inter alia,* that the letter was an expression of pure opinion. We now affirm.

An expression of pure opinion is not actionable. It receives the Federal constitutional protection accorded to the expression of ideas, no matter how vituperative or unreasonable it may be *(see, Steinhilber v Alphonse,* 68 NY2d 283). A "pure opinion" is a statement of opinion which is accompanied by a recitation of the facts upon which it is based. An opinion not accompanied by such a factual recitation may nevertheless be " 'pure opinion' if it does not imply that it is based upon undisclosed facts" *(Steinhilber v Alphonse, supra,* at 289). The issue of whether the words complained of are "pure opinion" is for the court to decide based upon what the average person reading the words would take them to mean *(see, Silsdorf v Levine,* 59 NY2d 8). We conclude, as a matter of law, that the letter was an expression of "pure opinion" and that it cannot therefore form the basis of an action for defamation. The

record makes clear in that regard that the defendant unmistakably described his statements as opinions and further set forth the factual basis for those opinions *(see, Zuber v Bordier,* 135 AD2d 709). Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.