■ ALEXANDER LESYK et al., Appellants, v PUTNAM COUNTY NEWS AND RECORDER et al., Respondents.—In an action to recover damages for libel, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), entered June 3, 1988, as (1) granted the defendants' motion for summary judgment dismissing the complaint and (2) denied that branch of their cross motion which was for summary judgment dismissing the counterclaims. The appeal brings up for review so much of an order of the same court, dated July 18, 1988, as, upon reargument, adhered to the original determination denying that branch of the appellants' motion which was for summary judgment dismissing the counterclaims.

Ordered that the appeal from so much of the order entered June 3, 1988, as denied that branch of the motion which was for summary judgment dismissing the counterclaims is dismissed, as that portion of that order was superseded by the order dated July 18, 1988, made upon reargument, and the order entered June 3, 1988, is otherwise affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 18, 1988, is reversed insofar as reviewed, on the law, that branch of the motion which was for summary judgment dismissing the counterclaims is granted, and the order entered June 3, 1988, is modified accordingly; and it is further,

Ordered that the appellants are awarded one bill of costs.

The question of whether Butterfield Memorial Hospital (hereinafter Butterfield) should be and would be converted from an acute care facility to a nursing home generated extensive and widespread public interest and media attention in Putnam County in the several months preceeding the commencement of the instant action. In a series of letters to the editor published in the defendant Putnam County News and Recorder, the plaintiffs questioned the activities of the administration and members of the board of trustees of Butterfield regarding the appropriateness of these activities to the hospital's long-term survival. On Wednesday, July 29, 1987, the defendant newspaper published on the front page of its weekly paper an article concerning the "Butterfield Hospital Battle for Survival". The article stated that there were dissenting elements in the community which were questioning the judgment of members of the board of trustees and administration. The article concluded that it was in fact these dissenting elements that were hurting Butterfield's chances for survival.

In August 1987 the plaintiffs commenced the instant action alleging that, although the aforementioned article did not specifically refer to them by name, it nevertheless defamed them. The Supreme Court, finding that the article constituted nothing more than an expression of opinion, granted the defendants summary judgment dismissing the complaint.

As the plaintiffs properly note, the article in question need not specifically name them in order to successfully maintain an action to recover damages for libel *(see, De Maria v Josephs,* 41 AD2d 655). However, our review of the record reveals that the action nevertheless cannot be maintained since the subject article constitutes nothing more than nonactionable opinion.

Opinions are constitutionally protected and may not be the subject of private damages actions, provided that the facts supporting the opinions are set forth, or there is no hint that the opinion is based on undisclosed facts *(see, Steinhilber v Alphonse,* 68 NY2d 283; *see also, D'Agostino v Gould,* 158 AD2d 577). The issue of whether the article complained of is opinion is for the court to decide based upon what the average person reading the article would take it to mean *(see, Steinhilber v Alphonse, supra,* at 290; *Hoffman v Landers,* 146 AD2d 744).

An examination of the full context of the communication as well as the setting in which these remarks were made support the conclusion that the article was accepted by its audience as opinion rather than a statement of fact *(see, Immuno AG. v Moor-Jankowski,* 74 NY2d 548; *Epstein v Board of Trustees,* 152 AD2d 534). We also note that the article falls under the category of journalistic commentary or criticism, generally protected as opinion *(see, Immuno AG. v Moor-Jankowski, supra,* at 557).

However, here, the Supreme Court erred in permitting the defendants' counterclaims to recover damages for abuse of process to survive. In order to sustain a counterclaim to recover damages for abuse of process, the process complained of must involve an injury to, or an interference with, one's person or property *(see, Curiano v Suozzi,* 63 NY2d 113, 126). In this regard, "the institution of a civil action by summons and complaint is not legally considered process capable of being abused" *(Curiano v Suozzi, supra,* at 116; *see also, Siegel v Smith, Panish & Shapiro,* 136 AD2d 620). The only process issued in the present action against the defendants was a summons and complaint. Thus we conclude the defendants do

not have viable counterclaims. Moreover, the defendants did not assert that the summons and complaint were improperly used after their issuance but only that the plaintiffs acted with ulterior motive in bringing the action (see, *Anderson v Pegalis*, 150 AD2d 315). Because an improper motive without more does not give rise to a cause of action to recover damages for abuse of process (see, *Curiano v Suozzi, supra*, at 117), the counterclaims are dismissed.

Contrary to the plaintiffs' contention, the Justice in this case did not need to disqualify himself to avoid an appearance of impropriety. Such a matter is left to the personal conscience of the court. There is nothing in the record to indicate that the Justice exhibited any bias or prejudice or that his determinations were anything but fair and impartial (see, *Leombruno v Leombruno*, 150 AD2d 902; *People v Fischer*, 143 AD2d 1036).

The remaining issues raised by the plaintiffs are either without merit or unpreserved for our review. Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.