THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BIBBS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, conceding that there is no statutory basis for disqualification under Judiciary Law § 14, contends that it was an abuse of discretion for the trial court to decline to recuse itself because an alleged victim held the position of Chief Clerk of the Supreme and County Courts for the County of Niagara. We disagree. It is well established that, absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the " 'sole arbiter' " of recusal *(People v Moreno,* 70 NY2d 403, 406; *see also, Burdick v Shearson Am. Express,* 160 AD2d 642, 643; *People v Webb,* 159 AD2d 289). Here, the record contains no suggestion that the Trial Judge's impartiality

might reasonably be challenged and, in view of the court's written response to defendant's recusal motion, we conclude that the court acted within its discretion in denying that motion *(see,* 22 NYCRR 100.3 [c] [1]; *People v Groves,* 157 AD2d 970, 972; *Leombruno v Leombruno,* 150 AD2d 902). Finally, the sentence imposed was not harsh and excessive. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Burglary, 2nd Degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.