■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CZORA, Appellant. [885 NYS2d 664]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered December 7, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and, upon his plea of guilty, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of burglary in the second degree (Penal Law § 140.25 [2]) and, upon his plea of guilty, of grand larceny in the fourth degree (§ 155.30 [4]). We reject the contention of defendant that his identification at the police station by one of the victims should have been suppressed. The record establishes that the encounter between the witness and defendant at the police station was inadvertent and thus, contrary to the contention of defendant, his right to due process was not thereby violated (*see People v Strudwick*, 170 AD2d 969, 970

[1991], *lv denied* 77 NY2d 1001 [1991]). Viewing the evidence in light of the elements of the crime of burglary in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict with respect to that crime is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant further contends that Supreme Court erred in refusing to recuse itself because the court had participated in a preliminary hearing during which evidence was presented that was determined by the court to be inadmissible at trial. We reject that contention. "[T]he record contains no suggestion that the [court's] impartiality might reasonably be challenged" (*People v Bibbs*, 177 AD2d 1056, 1056-1057 [1991], *lv denied* 79 NY2d 918 [1992]), and thus the court did not abuse its discretion in refusing to recuse itself (*see generally People v Moreno*, 70 NY2d 403, 405-406 [1987]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Martoche, Peradotto, Carni and Gorski, JJ.