■ CHERYL JACOBUS, Appellant, v DONALD J. TRUMP et al., Respondents. [64 NYS3d 889]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered January 27, 2017, which granted defendants' motion to dismiss plaintiff's defamation action for failure to state a claim, unanimously affirmed, without costs.

The challenged statements made orally and by Twitter by

defendants were nonactionable (*see Silsdorf v Levine*, 59 NY2d 8 [1983], *cert denied* 464 US 831 [1983]).

Whether alleged statements are susceptible of a defamatory meaning imputed to them is, in the first instance, a question of law for the courts to decide (*see Aronson v Wiersma*, 65 NY2d 592, 593 [1985]; *Silsdorf*, 59 NY2d at 13). The alleged defamatory statements are too vague, subjective, and lacking in precise meaning (i.e., unable to be proven true or false) to be actionable. The immediate context in which the statements were made would signal to the reasonable reader or listener that they were opinion and not fact (*see generally Gross v New York Times Co.*, 82 NY2d 146 [1993]).

Plaintiff's defamation per se claim was correctly dismissed in the absence of actionable factual allegations that tended to disparage her in the way of her profession, trade or business (*see Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 261 [1st Dept 1995]). Concur—Richter, J.P., Kapnick, Webber, Oing and Singh, JJ. ▮