22-1412-cv
*Neuman v. Global Security Solutions, Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand twenty-three.

Present:

> JOHN M. WALKER, JR.,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

PHIL NEUMAN,

> *Plaintiff-Appellant*,

v.                                                          22-1412-cv

GLOBAL SECURITY SOLUTIONS, INC.,
WERNER HELLMANN,

> *Defendants-Appellees*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | EDWARD GRIFFITH, The Griffith Firm, Brooklyn, New York |
| For Defendants-Appellees: | ROBERT R. VIDUCICH, Law Office of Robert R. Viducich, New York, New York |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Phil Neuman appeals from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *District Judge*), entered on June 1, 2022. Neuman sued Defendants-Appellees Global Security Solutions, Inc. and its owner Werner Hellmann (together, "Defendants") for defamation and tortious interference with prospective economic advantage, claiming that Hellmann made false statements to Neuman's business associate, Colin C. Conner, about Neuman having a history of fraud. The district court granted summary judgment in favor of Defendants on all counts. *See Neuman v. Glob. Sec. Sols., Inc.*, No. 21CV1670, 2022 WL 1782588 (S.D.N.Y. June 1, 2022). Neuman now appeals. We assume the parties' familiarity with the case.

"We review a district court's decision to grant summary judgment *de novo*, construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016).[1] Affirmance is warranted "only if there is no genuine issue of material fact and the prevailing party was entitled to judgment as a matter of law," and summary judgment "must be rejected if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* We review a district court's application of its own local rules and decisions to limit discovery for abuse of discretion. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

1995) (application of local rules); *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (discovery rulings).

Neuman first argues that the district court procedurally erred by failing to deem as admitted all facts in his S.D.N.Y Local Rule 56.1 Statement when Defendants failed to respond to that statement. Under Local Rule 56.1(c), "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Neuman claims that Local Rule 56.1(c) sets forth the *mandatory* consequences of a party's non-compliance or, in other words, that the district court *must* deem as admitted all facts in a moving party's Local Rule 56.1 Statement if the opposing party fails to respond. It is well established, however, that "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). Here, the district court relied in part on the parties' submissions but also exercised its undoubted discretion to engage in independent scrutiny of the record. The district court cannot be said to have abused its discretion when it took steps to ensure that its summary judgment decision was solidly grounded in evidence in the record. *See id.* (finding it was within the district court's discretion "not to apply Local Rule 56.1" and to "review the record *de novo*").

Turning to the merits, Neuman argues that the district court erroneously granted summary judgment in favor of Defendants on his defamation claim. The district court held, in relevant part, that Neuman failed show that Hellmann's statements were false. Neuman contends that the district court's analysis was based on an erroneous interpretation of Hellmann's statement to the effect that Hellmann had information indicating that Neuman had a history of fraud. In Neuman's view,

3

the district court interpreted the statement, in context, to mean that Neuman had been accused of fraud in lawsuits. Neuman, by contrast, interprets Hellmann's statement to mean that "Neuman has been found guilty of commercial fraud multiple times." App. Br. at 23. Under that interpretation, Neuman claims that Hellmann's statement is, indeed, false because he has never been found guilty of fraud and there is no evidence that any of the allegations of fraud in the lawsuits are true.

"Under New York law, the elements for a slander cause of action are (i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) of and concerning the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege." *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 528 (2d Cir. 2018). The element of falsity is satisfied when a plaintiff shows that the statement is "substantially false" or, in other words, "not substantially true." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 242, 247 (2d Cir. 2017). Further, when determining whether a statement is false, "the entire publication, as well as the circumstances of its issuance, must be considered in terms of its effect upon the ordinary reader." *Id.* at 243 (quoting *Silsdorf v. Levine*, 59 N.Y.2d 8, 13 (1983)).

We agree with the district court that Neuman failed to carry his burden to prove that Hellmann's statement was "not substantially true." In his conversation with Conner, Hellmann vaguely referred to "collected insurance commissions, unlicensed, unregistered companies" and "old court cases" when discussing how he had found information indicating Neuman's "history . . . of fraud." App'x 114. Hellmann never stated that Neuman had, in fact, been found guilty of fraud. An "ordinary reader" thus would believe that the "history . . . of fraud" described by Hellmann involved these "collected insurance commissions" and "unregistered companies" and

4

was reflected in "old court cases." Viewed in this light, Neuman has failed to show that Hellmann's statement is "not substantially true." Although Neuman submitted evidence disputing the underlying facts of the one lawsuit in which he was found liable for misrepresentation, he did not submit any evidence rebutting the allegations of fraud that were made in the remaining lawsuits. Neuman provided evidence that the remaining lawsuits have largely been settled or stayed, but none of that tends to prove that he did not commit the alleged fraudulent acts. And it does not matter whether Defendants proffered any evidence proving that the allegations of fraud in those lawsuits are true—under New York law, the burden is on the plaintiff to prove falsity, not on the defendant to prove truth. *See Tannerite Sports, LLC*, 864 F.3d at 244 ("Falsity is an element of defamation under contemporary New York law."). Additionally, Neuman provided no evidence demonstrating that his companies are registered.

Neuman further argues that the district court erred by denying his requests for discovery regarding the identity of the client who hired Hellmann to investigate Neuman, the circumstances of Hellmann's retention by such client, as well as information about other people with whom Hellmann may have spoken during his investigation. Neuman's discovery requests sought information regarding "any person" and "all persons" with whom Hellmann had spoken regarding Neuman and the nature of their conversations, even if such conversations were confidential and involved Hellmann's client who allegedly had separate litigation pending against Neuman. App'x 76, 78. Such requests would have clearly exceeded the scope of discovery under Fed. R. Civ. P. 26. The district court therefore did not abuse its discretion in limiting discovery to the only conversation involving allegedly defamatory statements specifically mentioned in the Complaint—Hellmann's conversations with Conner.

We have considered Neuman's remaining arguments and find them unpersuasive.

5

\* \* \*

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk